**STATE of Tennessee, Appellant,**

v.

**June PIERSON, Appellee.**

Supreme Court of Tennessee.

Oct. 15, 1984.

Rehearing Denied Nov. 5, 1984.

William M. Leech, Jr., Atty. Gen. & Reporter, Steven A. Hart, Asst. Atty. Gen., Nashville, for appellant.

Richard W. Pectol, Richard W. Pectol & Associates, P.C., Johnson City, for appellee.

## OPINION

FONES, Justice.

On her guilty plea to fraudulent conversion of over two hundred dollars, defendant was sentenced to not less than three nor more than five years in the state penitentiary. Defendant's petition for probation was denied by the trial judge. The Court of Criminal Appeals reversed and remanded with instructions to suspend defendant's sentence and prescribe the conditions of her probation. We granted the State's Rule 11 application to review the action of the Court of Criminal Appeals.

The transcript of the probation hearing contains one hundred twelve pages of testimony that were devoted almost entirely to the issue of the amount of money embezzled by defendant from her employer, Anderson Ford, where she worked as bookkeeper for over fifteen years. The auditor's report found a discrepancy of $29,-463.98. The auditor testified at the probation hearing in considerable detail with respect to the circumstantial evidence that the person who kept the books was responsible for taking, or at least had to have known, that the company's money was vanishing.

Defendant denied taking more than $1,500 over a ten year period. She testified that there was an "overage" envelope into which money was placed and periodically she and two other employees would split it. According to defendant, that was the source of the $1,500 that she took. According to the probation report, she told the probation officer that she was sure that Mr. Anderson knew of that practice, viz splitting the overage, and she did not understand why the other two persons involved with her were not charged. That report also revealed that Mr. Anderson opposed defendant's probation because he estimated she had taken over $100,000 during the period of her employment and that after pleading guilty made accusations to the attorney general that he and two other employees were taking money from the company.

At the conclusion of the hearing, the trial judge made his findings and announced his decision from the bench as follows:

I have a woman who has no prior record who is working who has been charged and convicted of fraudulent ap-

propriation of money from her former employer over a period of years. She admits to some of it, but claims extenuating circumstances and accuses other persons directly and inferentially of taking money, but it certainly does appear from the record and really beyond a reasonable doubt that she has taken a great deal of money from this company, some twenty-nine thousand dollars ($29,000.00) of it being documented, she being in the primary position to do this and the experience and ability to do it without it being detected. The fact that these accountants make up the tax reports—the tax returns at the end of the year and have access to the records, you would not ordinarily detect this type of thing unless you investigate as they subsequently did. Ordinarily I don't think there would be much question. I would place her on probation because of her background, her present home situation, the fact that she is working, except that she's just not repentant at all, has absolutely no repentance, denies, excuses, and explains and blames others. And frankly, I don't think she has the attitude for probation. That's just about what it boils down to. I'm going to deny probation based on all that I've said.

The Court of Criminal Appeals reviewed the testimony on the issue of how much money defendant had taken and found that defendant "may well have been justified in taking the position that she was not solely to blame for the company's $29,000 accounting losses." The intermediate court then concluded that the trial judge's finding that defendant was not remorseful was erroneous because it should have been recognized as a denial of guilt, which standing alone, would not justify a denial of probation. That Court also found that the trial judge did not give adequate weight to the positive factors in the record favoring probation of defendant.

After hearing the testimony on the issue of whether defendant took only $1,500 or $29,000, the trial judge found that defendant had taken $29,000. While he did not explicitly find she was untruthful, it is crystal clear that he did not believe her testimony. The record supports his finding that she took the larger amount, that she was not repentant and that she blamed others. We further find that the trial judge gave adequate weight to the positive factors and committed no abuse of discretion in denying probation.

The Court of Criminal Appeals applied an erroneous standard of review and substituted its judgment for that of the trial court. See e.g. State v. Bunch, 646 S.W.2d 158 (Tenn.1983).

The judgment of the Court of Criminal Appeals is reversed and that of the trial court affirmed. This cause is remanded to the Criminal Court of Sullivan County for the entry and enforcement of that judgment.

COOPER, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.