# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### APRIL, 1997 SESSION

FILED

July 11, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9606-CR-00251 |
| | ) | |
| vs. | ) | Wilson County |
| | ) | |
| **JOHN P. PELFREY**, | ) | Honorable J. O. Bond, Judge |
| | ) | |
| Appellant. | ) | (Denial of Probation) |

FOR THE APPELLANT:

COMER L. DONNELL
District Public Defender

KAREN CHAFFIN
Assistant Public Defender
P. O. Box 888
Lebanon, TN 37087

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

LISA A. NAYLOR
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

TOM P. THOMPSON, JR.
District Attorney General

ROBERT HIBBETT
Assistant District Attorney General
111 Cherry St.
Lebanon, TN 37087

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT,
JUDGE

The defendant, John P. Pelfrey, pleaded guilty in the Wilson County Criminal Court to rape, a Class B felony. Pursuant to a plea agreement, he received an eight-year sentence as a Range I, standard offender. In this direct appeal, the defendant challenges the trial court's denial of probation.

We affirm the judgment of the trial court.

The defendant was indicted for the aggravated rape of Laurhenda Clamon. According to the affidavit of complaint, the pair were in or near a hot tub at a motel when the defendant struck her three times in face, cut off her clothes, and forced her to perform oral sex while holding a knife to her throat. The defendant pleaded guilty to simple rape on December 15, 1995.

The plea agreement document indicates that the defendant and the prosecution had agreed to a Range I sentence of eight years. See Tenn. R. Crim. P. 11(e)(1)(C). The document also contains the handwritten notation "Sentencing hearing" written just below the portion of the form that states the agreed-upon sentence. At the conclusion of the sentencing hearing, the trial judge denied the defendant's request for probation and ordered him to serve his sentence in the Department of Correction.

The defendant contends that the trial judge's denial of probation was capricious, arbitrary, and an abuse of discretion and that the trial judge did not comply with the statutory requirements for finding enhancement and mitigating factors. The state responds that the defendant has no right to appeal in this case

because he agreed to an eight-year sentence in the plea bargain. On the merits, the state contends that the record supports the denial of probation based on the defendant's prior criminal history and on the seriousness of the offense.

First, we consider the state's contention that this matter is not properly before this court. We agree that, since the defendant accepted the eight-year sentence as part of his plea bargain, he has no right to appeal the length of his sentence, Tenn. R. App. P. 3(b); however, the defendant may appeal the manner of its service. As the trial judge noted, the only purpose of the sentencing hearing was to determine whether or not he would be incarcerated. Rule 3 (b), Tennessee Rules of Appellate Procedure, provides that a defendant who enters a guilty plea pursuant to a plea agreement may seek review of his sentence if the agreement did not include the sentence or if the issue presented for review was not waived as a matter of law by the plea. Evidence in the record supports a conclusion that, although the length of the sentence was determined by the plea bargain, the manner of service was left to the determination of the trial court. Rule 3 states that "[a] defendant may appeal as of right from an order denying or revoking probation . . . ." Id. Nothing in the plea agreement waived the defendant's right to appeal this issue.

Our function in reviewing a trial judge's denial of probation is defined by statute. The Criminal Sentencing Reform Act of 1989 provides that when reviewing the granting or denial of probation the appellate court shall conduct a de novo review on the record with the presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d)(1990). That presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts

3

and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn.1991). The trial judge, in this case, made a number of conclusory statements without making the requisite factual findings. Therefore, we review the record without a presumption of correctness. In our review, we must consider all the evidence, the presentence report, the sentencing principles, counsels' arguments, appellant's statements, the nature and character of the offense, and the potential for rehabilitation. Id.

The defendant challenges the trial court's denial of probation in light of his eligibility. Although a defendant with a sentence of eight years or less is eligible for probation, Tenn. Code Ann. § 40-35-303(a)(Supp. 1996), this defendant is not presumed to be a favorable candidate for alternative sentencing options because his conviction is for a class B felony. § 40-35-102(6). The defendant has the obligation to establish that he is a suitable candidate for probation. § 40-35-303(b); State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991). To meet that burden, the defendant must demonstrate that probation will be in the best interest of the public and the defendant and in the interests of justice. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App.) perm. app. denied (Tenn. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)). In this case, we find that the defendant has not met his burden.

A trial court may deny probation if it determines that confinement is necessary to protect society from a defendant who has a history of criminal conduct, is necessary to avoid depreciating the seriousness of the offense, would provide an effective deterrent to others, or that less restrictive measures have frequently, recently and unsuccessfully been applied to the defendant. Tenn. Code Ann. §40-35-103(1)(A), (B), (C) (1990). In making its determination, a trial court should consider the defendant's criminal record, his social history, his present physical and

4

mental condition, and his potential for rehabilitation. Stiller v. State, 516 S.W.2d 617 (Tenn.1974). Lack of truthfulness is probative on the issue of amenability to rehabilitation and is an appropriate factor to consider in granting or denying probation. State v. Neely, 678 S.W.2d 48, 49 (Tenn.1984). Lack of repentance and remorse are also permissible factors, State v. Pierson, 678 S.W.2d 905 (Tenn.1984), as are the defendant's credibility and willingness to accept responsibility for the offense. State v. Andrew H. Leone, No. 02C01-9206-CR 00148, slip op. at 3 (Tenn. Crim. App., Jackson, September 29, 1993).

The record discloses that in this case the trial judge found that confinement was necessary to protect the public from a defendant with a lengthy criminal record, to avoid depreciating the seriousness of the offense, and to deter potential rapists in similar situations.[1] The defendant contends and we agree that the record does not establish a need for deterrence. A trial court's conclusion that deterrence is required must be supported by evidence. See State v. Ashby, 823 S.W.2d 166, 170 (Tenn.1991). However, the record supports the trial court's denial of probation based on other factors.

At the sentencing hearing, the defendant's wife testified that, since his last arrest, he had settled down and was working hard to be a good husband and father to their child. A letter from an employer confirmed that he was a reliable, hard-working employee. Unfortunately, the defendant's history is not as positive. He was twenty-seven years old at the time of the offense. He completed the eighth

---

[1] The facts of the offense are not spelled out in the record. However, the trial judge apparently considered the offense to be a kind of "date-rape" in which a woman refuses to engage in sex with her companion and he forces her to comply.

grade but earned only three credits toward his high school diploma. Although at the time of the sentencing hearing he was employed, his employment has been sporadic at best. He has used marijuana since he was fourteen years old and was under its influence when he committed the rape. He admits to drinking as much as a case of beer a week but no longer uses any illegal substances. His prior criminal record includes a number of offenses related to the abuse of alcohol.[2]

The defendant's record indicates a problem with persistent substance abuse and an inability to control his actions. At twenty-seven, he was not just an irresponsible youth. His numerous experiences with the law should have provided him with some insight into the unlawfulness of his behavior. Despite those experiences, he continued to re-offend until his behavior reached serious proportions. Moreover, the trial judge's opportunity to observe the defendant on the stand may provide useful insights into an appropriate disposition of the case that are not available in a written record. Ball v. State, 604 S.W.2d 65, 66 (Tenn. Crim. App. 1979). Based on the facts before us, we cannot conclude that the defendant would be amenable to rehabilitation in the community.

The trial judge relied primarily upon the circumstances of the offense to deny probation. Before the nature and circumstances of the offense can be used as a ground for disallowing probation, the offense must be "especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree," and the factor must outweigh all other factors that must be

---

[2] The defendant has seven misdemeanor convictions on his record. Since 1987, he has been convicted four times for being drunk and disorderly, once for violation of an open container law, and once for driving under the influence. The seventh misdemeanor conviction was for fishing without a license.

considered. <u>State v. Travis</u>, 622 S.W.2d 529, 534 (Tenn.1981); <u>State v. Bingham</u>, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995). The trial judge referred specifically to the fact that the defendant had struck the victim who apparently had been his willing companion, that he had cut her clothes off, and that he had forced her to submit by holding a knife to her throat. The facts in the record support the trial court's conclusion that the defendant committed an especially violent, reprehensible, and offensive act and that this factor outweighs any factors that favor a grant of probation.

Upon our de novo review, conducted without a presumption of correctness, we find that the defendant has not established that he is an appropriate candidate for probation. In this case, confinement, not release into the community, will serve "'the ends of justice and the best interest of both the public and the defendant.'" <u>State v. Dykes</u>, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990), (<u>quoting Hooper v. State</u>, 201 Tenn. 156, 162, 297 S.W.2d 78, 81 (1956). The trial court did not err by refusing to grant probation.

The defendant also complains that the trial court erred in its use of enhancement factors. The sentencing range for a Range I offender convicted of a Class B felony is eight to twelve years. The defendant and the prosecution agreed to a Range I sentence of eight years. The trial court accepted the plea and sentenced the defendant to serve eight years as a Range I offender. The defendant received the minimum sentence. Any discussion of enhancement factors at the sentencing hearing had no bearing upon the length of the sentence. Although enhancement factors are appropriate considerations in determining the manner of service as well as the length of the sentence, Tenn. Code Ann. § 40-35-210(b)(5) (Supp. 1996), we have determined, <u>supra</u>, that the service of the sentence

through confinement is justified under Sections 40-35-103 (A), (B), -210(b)(4). Having so held, it is unnecessary to consider the appropriateness of enhancement factors on the issue of the manner of service.


_____
CURWOOD WITT, Judge


_____
GARY R. WADE, Judge


_____
DAVID H. WELLES, Judge