# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### APRIL SESSION, 1999

FILED

April 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,  )
                       )
      Appellee        )    No. 02C01-9808-CC-00251
                       )
vs.                  )    HARDIN COUNTY
                       )
                       )    Hon. C. Creed McGinley, Judge
HAROLD DEWAYNE JARRETT, )
                       )    (Three Counts - Sexual Battery)
      Appellant     )

For the Appellant:

**Richard W. DeBerry**
Asst. District Public Defender
117 Forrest Avenue North
Camden, TN 38320

**Guy T. Wilkinson**
District Public Defender

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Patricia C. Kussmann**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**G. Robert Radford**
District Attorney General

**John W. Overton**
Asst. District Attorney General
P. O. Box 484
Savannah, TN 38372

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Harold Dewayne Jarrett, entered "best interest" guilty pleas to three counts of sexual battery in the Circuit Court of Hardin County on June 9, 1998.[1] The negotiated plea agreement provided that the appellant would receive three two year sentences to be served consecutively and that the trial court would determine the manner of service of the sentences. At the sentencing hearing, the trial court imposed penitentiary confinement. The appellant appeals this ruling, arguing that the trial court should have granted him either total probation or placement in a community corrections program.

Finding no error in the sentencing decision of the trial court, we affirm.

## Background

The appellant's convictions arose from incidents in early 1998 involving three minor children, ages seven, fourteen, and fifteen. The appellant was a neighbor and friend of the victims' parents and the victims often visited at the appellant's residence. The basis for the instant charges stem from the appellant's sexual contact of the juvenile victims in the appellant's automobile and in his home.

Despite these allegations, the appellant adamantly denies his culpability in these offenses. Rather, he maintains that the "three girls lied about me messing with them." The appellant provided his version of the events which entailed his driving the three girls to Wal-Mart so they could purchase film. The appellant dropped the girls off at Wal-Mart while he waited in his vehicle in the parking lot.

---

[1]The appellant was indicted on two counts of sexual battery and one count of aggravated sexual battery.

Inside the store, the three girls were arrested for shoplifting and taken to "city hall." Frightened by what would happen to them, the girls informed police officers that the appellant "had handle[d] the girls the wrong way."

At the time of the sentencing hearing, the appellant, a life-long resident of Hardin County, was a sixty-seven year old divorcee. The appellant has no prior criminal record. He has never abused alcohol nor taken any illegal substance. The appellant quit school in the sixth grade in order to help on his parents' farm. The appellant's medical condition is in a state of deterioration. Since the late 1970's, the appellant has suffered an "episode of Bell's Palsy . . . , stroke (1981-82), heart surgery (1989-90), second heart attack (1995), and on-going treatment for high blood pressure." He is currently taking medication for his heart condition along with blood pressure medication.

The appellant's granddaughter testified that, if granted probation, the appellant would live with family members and she guaranteed that family members would look after him. She explained that, considering the appellant's deteriorating health, she would like to spend time with him before he dies.

In addition to this testimony and the pre-sentence report, the trial court also had the opportunity to examine a mental evaluation of the appellant conducted pursuant to Tenn. Code Ann. § 39-13-705 (1998 Supp.), which revealed:

> The examinee's level of denial regarding his current conviction demonstrated severe avoidance. He denied participation in any offense against the victims. His lack of acceptance of responsibility (denial), poor insight, and failure to learn from the experience increases the likelihood of reoffending. Further, the examinee has developed, expressed, and seems to have internalized his story of how he was victimized for the offense(s). This will make treatment more complicated and difficult.
>
> The examinee, based o[n] his level of denial, should participate in individual followed by group treatment in order to reduce his tendency to reoffend. . . .

3

In addition, the subject's tendency to associate himself with younger females and/or males should be addressed, processed, and forbidden.

After considering all the evidence presented, the trial court denied the appellant any form of an alternative sentence and imposed a sentence of confinement in the Department of Correction. Specifically, the trial court found:

> We have a person before the Court that quite obviously is a sexual deviate and has a pattern of behavior that poses a substantial risk to the community at large. . . .
> . . .
> . . . [T]his is the type of activity that the public deserves to be protected from.
>
> Particularly in looking at the report that was filed, Sex Offender Presentence Clinical Evaluation, it gives the Court great cause for concern because of an indication in there of his lack of acceptance or responsibility, his poor insight, and failure to learn from the experience increases the likelihood of reoffending.
>
> The Court feels . . . that this person poses a very high likelihood of recidivism. He is not the type that would be subject to effective rehabilitation. That alternative sentencing would be of no effect in this because of his lack of cooperation in compiling the sex offender's report plus the nature and circumstances surrounding these offenses.

**Analysis**

When a defendant challenges the manner of service of his sentence, this court must conduct a *de novo* review with the presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d)(1997). This presumption only applies, however, if the record shows that the trial court properly considered relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn.1991). Moreover, the appellant maintains the burden of showing that the sentence imposed by the trial court is improper. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

The appellant first argues that the trial court should have granted him a sentence pursuant to the Community Corrections Act. A defendant convicted of a crime against the person, as provided in title 39, chapter 13, parts 1-5, is not eligible

4

for a community corrections sentence.  <u>See</u> Tenn. Code Ann. § 40-36-106(a)(2) (1996 Supp.).  Sexual battery is codified at Tenn. Code Ann. § 39-13-505 and is, therefore, a crime against the person.  Notwithstanding his ineligibility based upon the classification of offenses, he would, nevertheless, remain eligible for placement in the community corrections program, if the proof in the record established a causal connection between the crimes committed and a history of chronic alcohol abuse, drug abuse or mental health problems.  <u>See</u> Tenn. Code Ann. § 40-36-106(c).  <u>See also</u> <u>State v. Boston</u>, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996).  The record reflects no such proof.  Indeed, the appellant denies that he has a "special need" as required by the statute.   Accordingly, the appellant is not eligible for a sentence pursuant to the Community Corrections Act.

Nonetheless, the appellant remains statutorily eligible for probation.  <u>See</u> Tenn. Code Ann. § 40-35-303(a) (1997).  His eligibility for probation, however, is not conclusive; the appellant bears the burden of establishing his suitability for probation.  <u>See</u> Tenn. Code Ann. § 40-35-303(b).  To meet this burden, the appellant must demonstrate that probation will "subserve the ends of justice and the best interest of both the public and the defendant."  <u>State v. Bingham</u>, 910 S.W.2d 448, 456 (Tenn.Crim.App.), <u>perm. to appeal denied</u>, (Tenn.1995) (citation omitted).

While not controlling on the issue of probation, but relevant to the sentencing court's determination are the following:

> (1) the nature and circumstances of the conduct involved, Tenn. Code Ann § 40-35-210(b)(4);
>
> (2) the defendant's potential or lack of potential for rehabilitation, Tenn. Code Ann. § 40-35-103(5);
>
> (3) whether a sentence of probation will unduly depreciate the seriousness of the offense, Tenn. Code Ann. § 40-35-103(1)(B); and
>
> (4) whether a sentence other than probation would provide an effective deterrent to others likely to commit similar crimes, Tenn. Code Ann. § 40-35-103(1)(B).

5

See Bingham, 910 S.W.2d at 456.

As previously indicated, the appellant maintains the burden of establishing that the sentence imposed by the trial court is improper. In this regard, we find that the appellant has failed in carrying this burden. The appellant adamantly denies any criminal wrongdoing. Rather, he asserts that he is the victim of the ruthless revenge and lies created by the three girls. Additionally, the record reflects the appellant's lack of cooperation in compiling the required sex offender's report and the result therein indicating that the appellant poses a very high likelihood of recidivism. Finally, the appellant was both a trusted neighbor and friend of the victims' and their families. By his own admission, the victims frequently visited the appellant at his residence and he would let them borrow food, would drive them to Wal-Mart, and would drive them to school.

Factors of credibility, remorse, and candor are legitimate considerations in determining suitability for total probation as they reflect upon a defendant's potential for rehabilitation. See Tenn. Code Ann. §40-35-103(5) (1997); State v. Bunch, 646 S.W.2d 158 (Tenn.1993); State v. Dykes, 803 S.W.2d 250 (Tenn.Crim.App.1990); State v. Jenkins, 733 S.W.2d 528 (Tenn.Crim.App.1987); State v. Pierson, 678 S.W.2d 905 (Tenn.1984); State v. Leone, No. 02C01-9206-CR-00148 (Tenn.Crim.App. at Jackson, September 29, 1993). Notwithstanding, there is concern that "it is unfair" to rely solely upon the defendant's lack of remorse or candor where an Alford plea has been entered since an Alford plea, by definition, does not acknowledge one's guilt.[2] See, e.g., Leone, No. 02C01-9206-CR-00148. The nature of the plea, however, does not alter the resulting effect of the plea or make the defendant less guilty. An Alford guilty plea is a guilty plea in all material respects. See North Carolina v. Alford, 400 U.S. at 37, 91 S.Ct. at 167 (no

---

[2]In entering an Alford plea, a defendant "faced with strong evidence of guilt and no substantial evidentiary support for [his] claim of innocence" may refrain from admitting his culpability and accept a sentence. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160 (1970).

constitutional requisite that accused make express admission of guilt); United States v. Tunning, 69 F.3d 107, 111 (6th Cir. 1995). Indeed, this situation is no different from that of a defendant who is found guilty by a jury and at sentencing refuses to admit his criminal wrongdoing. Thus, a sentencing court is not prohibited from considering a defendant's denial or lack of remorse in making the appropriate sentencing determination. See Leone, No. 02C01-9206-CR-00148. As evidenced by the medical evaluation in the present case, albeit preceded by an Alford plea, "circumstances may justify finding that defendant's attitude and behavior are not conducive to rehabilitation." Id. The record supports consideration of these principles in denying total probation. See, e.g., State v. McConnell, No. 03C01-9604-CC-00148 (Tenn. Crim. App. at Knoxville, Feb. 24, 1998). Moreover, there is no dispute that the young victims in this case were children over whom the appellant had assumed a paternal role. This proof supports a finding that the appellant abused a position of trust. See State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Although the appellant is eligible for probation, the circumstances of the offenses, including the appellant's abuse of a position of private trust, Tenn. Code Ann. § 40-35-114(15), are sufficient to support a denial of probation. State v. Boston, 938 S.W.2d 435, 438 (Tenn.Crim.App. 1996).

After review of the record before us, we conclude that the appellant has failed to establish that the sentence imposed by the trial court was erroneous. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d)(1997); Ashby, 823 S.W.2d at 169. The record supports the trial court's denial of a sentence of total probation or placement in a community corrections program. Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
L. T. LAFFERTY, Senior Judge