IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER SESSION, 1999

FILED

November 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | |
| | * | No. 03C01-9901-CC-00011 |
| Appellee, | * | |
| | * | ANDERSON COUNTY |
| vs. | * | |
| | * | Hon. JAMES B. SCOTT, JR., Judge |
| DAVID LEE HURST, | * | |
| | * | (Sentencing) |
| Appellant. | * | |

For the Appellant:

**Leslie Hunt**
139 North Main Street
Clinton, TN 37716

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Clinton J. Morgan**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**James N. Ramsey**
District Attorney General

**Jan Hicks**
Asst. District Attorney General
127 Anderson County Courthouse
100 North Main Street
Clinton, TN 37716

OPINION FILED: _____

AFFIRMED

**David G. Hayes,** Judge

The appellant, David Lee Hurst, appeals the sentencing decision of the Anderson County Criminal Court following his guilty plea to Class D felony child abuse.  In accordance with the plea agreement, the appellant received a two year sentence with the determination of probation to be submitted to the trial court.[1]  At the sentencing hearing, the trial court denied probation and ordered confinement in the Department of Correction.  The sole issue on appeal is whether the trial court erred by denying the appellant total probation.

Following review, we affirm.

SENTENCING HEARING

The conviction stems from the physical abuse of the appellant's five year old stepson in January of 1998.  At the sentencing hearing in November of 1998, Detective Penny Baker of the Anderson County Sheriff's Department testified that the child exhibited injuries to both ears, bruising on the inside and outside of his ears, "faint" bruises to the side of the face, numerous bruises to one arm, "faint" bruising on his back, an abrasion to his neck, a severe bruise to the top of his foot, a bruise to the back of the head, and a severe bruise to his penis.  The presentence report characterized the victim's injuries as being "bruised from his ears to his toes in various stages of healing."  The appellant explained to Baker that the bruising to the penis was the result of his kicking the child and the rest were the result of "playing rough" with the child.  Detective Baker testified that the appellant initially was untruthful and later changing his story, attempted "to make light" of the severity of his actions.  The presentence report indicates that the appellant "beat (the victim) with a board, stomped his foot," and "beat him about the head and face."  The appellant is six feet and six inches tall and weighs two hundred pounds; the victim weighs forty-six pounds.

The appellant has two prior felony convictions from 1983 when he was

---

[1]The transcript of the guilty plea hearing is not included in the record.  Thus, the specific terms of the plea agreement are unknown.  At the sentencing hearing and on appeal the appellant argues only his entitlement to total probation.  For these reasons, appellate review is limited to the sentencing alternative of probation.

nineteen years old for third degree burglary and grand larceny, both arising from the same incident. He received a three year sentence for each offense and was placed on unsupervised probation. The appellant admits to recent marijuana use. The probation officer testified that in preparing the presentence report, he believed the appellant purposefully misadvised him that the prior theft conviction was committed as a juvenile when in actuality it was an offense committed when the appellant was nineteen years old.

The thirty-four year old appellant testified that he was currently employed by ABC Transport where his duties involve moving and setting up mobile homes. He explained that he experiences disabilities from bone deterioration in his spine and from other medical problems. He currently resides with his mother while he and his wife are in the process of getting a divorce. Although he admitted to problems controlling his anger, he denied that any of the child's injuries were a result of his anger. He advised that he "had no desire for any mental health treatment." He explained that he told the probation officer that his crime was committed as a juvenile because he could not remember the dates and times as a result of a head injury from which he had to learn to write and read again. On cross-examination, the appellant denied the accusation by the child that he hit him with a board.

At the conclusion of the hearing, the trial court denied the appellant's request for probation.

PROBATION

The sole issue on appeal is whether the trial court properly denied probation. Although the appellant requests that we conduct a *de novo* review of his sentence, which requires an examination of the "nature and characteristics of the criminal conduct involved," Tenn. Code Ann. § 40-35-210(b)(4) (1997), we are precluded from doing so because the record is void of the guilty plea transcript. We have repeatedly held that failure to include the transcript of the guilty plea hearings in the record prohibits this court from conducting a meaningful *de novo* review.

If the appellate record is inadequate, the reviewing court must presume that the trial judge ruled correctly. See State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim.

3

App. 1993). The obligation of preparing a complete and adequate record for the issues presented on appeal rests upon the appealing party. <u>See</u> Tenn. R. App. P. 24(b). For this reason, this issue is waived. However, we are able to glean from the record the nature and circumstances of the offense through the testimony of Detective Baker and the presentence report. <u>See</u> Tenn. Code Ann. § 40-35-210(b)(1) and (2). Within this limitation, we elect to address the issue.

In this case, the trial court denied probation based upon the circumstances of the offense and the appellant's prior criminal history:

> He [appellant] was in unsupervised probation disposition if I remember correctly before. He has admitted to smoking marijuana. This was a five-year old child. Here we have a person that looks to be about six foot, five, or somewhere around there that comes to this courtroom . . . fully accountable for his conduct. This is not just one blow. . . two blows. . . [or] three blows. And I . . . feel like that even though the defendant comes here and says it wasn't out of temper, there appears to be that if it wasn't out of temper, such poor judgment I am not sure we could trust you out here with other young individuals. This child has been not only bruised and abused, but it will follow that child through life. . . .
> I don't think you are a proper subject for probation based on the type of crime committed here and the past. I find that you are not suitable for probation. . . . Had you not had all of these problems before, you come here the first time. Had this condition of this child reflected something other, you say you have maybe some lapse of memory. Well, it may become very convenient when it comes to this type of conduct. I just find that this kind of conduct is reprehensible. It should be discouraged and not only that, but you have a past history in coming here - both as a juvenile and as an adult - and you admitted that you had been smoking marijuana. So for those reasons, the court denied you probation.

First, the appellant argues that the presumption of correctness does not apply to the trial court's decision because it did not consider the appropriate factors for denying probation. Second, he contends that the trial court erred by placing the burden of probation on the appellant because he was entitled to the presumption of an alternative sentence.

This court's review of the length, range, or manner of service of a sentence is *de novo* with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1997). <u>See also</u> <u>State v. Bingham</u>, 910 S.W.2d 448 (Tenn. Crim. App.), <u>perm. to appeal denied</u>, (Tenn. 1995). This presumption is only applicable if the record demonstrates that the trial court properly considered relevant sentencing principles. <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991).

The record reflects that the trial court considered the relevant principles of sentencing; accordingly, the presumption is afforded.

The appellant's argument that "the trial court erred when it held that Hurst [appellant] had the burden of demonstrating that probation was appropriate" is misplaced. It is settled law that whereas the State has the burden of overcoming the defendant's entitlement to the statutory presumption of an alternative sentence, "[c]onversely, the defendant has the burden of establishing suitability for full probation, even if the defendant is entitled to the statutory presumption of alternative sentencing." Bingham, 910 S.W.2d at 455-456 (emphasis added). When deciding suitability for probation, although not controlling, the sentencing court should use the following criteria:

> (1) "the nature and [circumstances] of the criminal conduct involved," Tenn. Code Ann. § 40-35-210(b)(4);
> (2) the defendant's potential or lack of potential for rehabilitation, Tenn. Code Ann. § 40-35-103(5);
> (3) whether a sentence of full probation would unduly depreciate the seriousness of the offense, Tenn. Code Ann. § 40-35-103(1)(B); and
> (4) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes, Tenn. Code Ann. § 40-35-103(1)(B).

See Bingham, 910 S.W.2d at 456. Denial of probation may be based solely upon the circumstances of the offense when they are of such a nature as to outweigh all other factors favoring probation. State v. Fletcher, 805 S.W.2d 785, 788-89 (Tenn. Crim. App. 1991).

The facts and circumstances of this case are clearly aggravated. The record reveals a callous indifference by the appellant for the gravity of this criminal offense in which the child experienced countless bruises to his entire body and even severe bruising to his genitalia. The appellant repeatedly stated that the abuse to the child was only the result of "play fighting too rough" and "hit[ting] too hard or something" indicating further a lack of repentance and remorse. See State v. Pierson, 678 S.W.2d 905 (Tenn. 1984) (finding lack of remorse sufficient basis to deny probation). Moreover, the trial court noted and the record supports the appellant's lack of candor which reflects negatively upon the appellant's potential for rehabilitation and is a sufficient basis for denying total probation. See State v. Dowdy, 894 S.W.2d 301, 305-306 (Tenn. Crim. App. 1994); Tenn. Code Ann. § 40-35-103(5).

5

Upon *de novo* review and in accord with the presumption of correctness, we are unable to conclude that the trial court erred in determining that the appellant had not met his burden of establishing suitability for full probation.

Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
GARY R. WADE, Judge

_____
DAVID H. WELLES, Judge