IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 21, 2003

## STATE OF TENNESSEE v. CORTLAND KESHIRA CATES

**Direct Appeal from the Criminal Court for Knox County**
**No. 73799      William R. Holt, Jr., Judge By Designation**

---

**No. E2002-02249-CCA-R3-CD**
**June 6, 2003**

---

The defendant, Cortland Keshira Cates, pled guilty to two counts of rape. The trial court sentenced him to eight years' incarceration for each count, to be served concurrently. On appeal, the defendant contends the trial court erred in denying probation. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Mark E. Stephens, District Public Defender; and Robert C. Edwards, Assistant District Public Defender, for the appellant, Cortland Keshira Cates.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Philip H. Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was originally indicted for one count of aggravated rape through digital penetration and one count of aggravated rape through penile penetration. The victim was the same person in each count. The defendant pled guilty to two counts of rape as lesser-included offenses. Because the guilty plea transcript and the presentence report are not in the record and there was no testimony at the sentencing hearing concerning the offenses, we know nothing about the facts surrounding the convictions. The trial court imposed concurrent sentences of eight years' incarceration for each conviction.

## I. SENTENCING HEARING

The only witness who testified at the sentencing hearing was Beverly Hines, the defendant's fiancé, who testified she was the victim in the defendant's prior conviction for statutory rape. Hines stated she and the defendant met when she was ten years old and he was seventeen years old; they began engaging in a sexual relationship when she was eleven years old; and she became pregnant

with the defendant's child when she was twelve years old. Hines stated she and the defendant began living together when she was nineteen years old, and she was twenty years old at the time of the hearing. Hines testified she and the defendant have two children, six years old and seven months old, and he has two additional children. Hines's father has custody of their oldest daughter.

Hines stated the defendant informed her that he did not commit the offenses for which he pled guilty. Rather, he maintained "he made a mistake and was ready to come home." Hines testified she believed the defendant would abide by the terms of probation.

As previously stated, the defendant did not testify at the sentencing hearing.

## II. TRIAL COURT'S FINDINGS

In denying the defendant's request for probation, the trial court stated it considered the presentence report, the defendant's psychological evaluation report, and the record in the present case. The trial court found that no mitigating factors applied.

The trial court stated the defendant had an extensive prior criminal record with both prior convictions and a prior probation violation. It further noted the defendant had shown no remorse and blamed the victim. The trial court concluded that based upon the totality of the circumstances and the record in the case, probation was inappropriate. It ordered the defendant to serve his sentence in confinement.

## III. STANDARD OF REVIEW

A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

## IV. ANALYSIS

The defendant contends the trial court erred in denying him probation. We disagree.

## A. Waiver

The facts and circumstances of the offense were important to the trial court's sentencing determinations; however, the transcript of the guilty plea proceeding is absent from the record. We know nothing about the facts and circumstances surrounding these offenses. Because we deem the guilty plea proceeding essential to the determination of the issue presented, our proper course of action is to *sua sponte* presume the trial court's decision is correct. State v. Keen, 996 S.W.2d 842,

844 (Tenn. Crim. App. 1999); *see also* <u>State v. Coolidge</u>, 915 S.W.2d 820, 826-27 (Tenn. Crim. App. 1995) (specifically stating that the absence of a portion of the record relating to sentencing requires the court to presume the sentence was correct).  By failing to produce an adequate record, the defendant has waived any claim that the conclusions of the trial court are incorrect.  *See* <u>State v. Ivy</u>, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993).

In addition, the defendant has failed to include the presentence report in the record.  It is the duty of the accused to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *see* <u>State v. Taylor</u>, 992 S.W.2d 941, 944 (Tenn. 1999).  In the case at bar, the trial court relied upon information contained in the presentence report in denying the defendant probation.  Without the presentence report, we are unable to fully address the defendant's arguments on appeal.  Therefore, the defendant's issue regarding the trial court's denial of probation is waived.  Nevertheless, as to the defendant's contention that the presentence report is hearsay, this court has held that a presentence report is reliable hearsay upon which a trial court may properly rely in sentencing a defendant.  <u>State v. Adams</u>, 45 S.W.3d 46, 59 (Tenn. Crim. App. 2000).  We also note that defense counsel stipulated to the accuracy of the presentence report at the hearing.  The defendant's argument is without merit.

## B.  Probation

Regardless of waiver, we conclude the trial court properly denied probation and ordered the defendant to serve his sentence in confinement.  The defendant pled guilty to two counts of rape, Class B felonies.  *See* Tenn. Code Ann. § 39-13-503(b).  The defendant is not presumed to be a favorable candidate for probation.  *See id.* § 40-35-102(6).  In addition, the sentencing hearing transcript reflects that the defendant has a prior criminal record, including a prior felony conviction for statutory rape, and a prior probation violation. *See id.* § 40-35-103(1)(A), (C).  Further, the trial court noted the defendant exhibited no remorse and blamed the victim for the offenses.  *See* <u>State v. Pierson</u>, 678 S.W.2d 905, 906 (Tenn. 1984).  We conclude the trial court properly denied the defendant probation.

Accordingly, we affirm the judgments of the trial court.

_____
JOE G. RILEY, JUDGE

-3-